**Opinion issued April 5, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-01000-CR

———————————

## JOHN EDWARD GREEN, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1170853

## MEMORANDUM OPINION

Appellant, John Edward Green, Jr., was charged with the offense of capital murder. Pursuant to appellant's agreement with the State, appellant pleaded guilty to the lesser-included offense of murder and the State recommended punishment of confinement for 40 years. The trial court found appellant guilty and, in accordance

with the plea agreement, sentenced appellant to 40 years' confinement. Appellant filed a pro se notice of appeal. We dismiss the appeal.

In a plea bargain case, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

The trial court's certification, which is included in the record on appeal, states that this is a plea bargain case and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Furthermore, appellant's notice of appeal was untimely filed. Appellant's sentence was imposed on July 6, 2011. Appellant did not file a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(2). Therefore, a notice of appeal, had it been

2

authorized by the trial court's certification, would have been due on or before August 5, 2011. *See* TEX. R. APP. P. 26.2(a)(1). Appellant filed his notice of appeal on October 27, 2011. The court of criminal appeals has expressly held that, without a timely filed notice of appeal, we cannot exercise jurisdiction over an appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Accordingly, we dismiss the appeal for want of jurisdiction. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).

3